UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS, TRANSPORTATION DIVISION,<br><br>    Plaintiff,<br><br>NORFOLK SOUTHERN RAILWAY COMPANY,<br><br>    Defendant. | Civil Action No.: 1:21-cv-01870-SO<br>Judge Solomon Oliver |

**PLAINTIFFS' ANSWER TO NORFOLK SOUTHERN'S COUNTERCLAIM**

Pursuant to Fed. R. Civ. P. 12, Plaintiffs/Counterclaim Defendant, the Transportation Division of the International Association of Sheet Metal, Air, Rail and Transportation Workers ("SMART-TD"), SMART-TD General Committee of Adjustment ("GCA") GO-169, SMART-TD GCA GO-680, and SMART-TD GCA GO-687, and SMART-TD GCA GO-898 (hereinafter collectively referred to as "SMART-TD" or "the Union"), by and through counsel, states the following in response to the allegations contained in the Counterclaim filed by Norfolk Southern Railway Company ("NS" or "the Carrier"):

The allegations contained in the first sentence of the initial unnumbered Paragraph of NS' Counterclaim merely describe the document and require no response. With regard to the allegations contained in the second sentence, SMART-TD only admits that NS has brought an action against the Union in what NS contends is a dispute over the "interpretation and

application" of the parties collective bargaining agreement ("CBA"). SMART-TD specifically denies that the dispute at issue involves and interpretation or application of the agreement. SMART-TD admits the allegations contained in the third sentence, but denies that the dispute at issue involves and interpretation or application of the agreement. SMART-TD further avers that there is no strike threat. With regard to the fourth sentence, SMART-TD only admits that it has maintained that the dispute is major. SMART-TD specifically denies that such is a violation of its obligation under the RLA as it is not required to arbitrate this dispute. SMART-TD admits the allegations contained in the fifth and sixth sentences, and further avers that there is no strike threat. The allegations contained in the seventh sentence merely express NS' position in this matter and to that extent, are denied. SMART-TD specifically denies that NS is entitled to any relief requested. SMART-TD further avers that Section 2 First of the RLA imposes an affirmative obligation on NS to exert every reasonable effort to make and maintain agreements, and that the dispute at issue is major.

1. SMART-TD admits the allegations contained in Paragraph 1.
2. SMART-TD admits the allegations contained in Paragraph 2.
3. SMART-TD admits the allegations contained in Paragraph 3.
4. SMART-TD admits the allegations contained in Paragraph 4.
5. SMART-TD admits the allegations contained in Paragraph 5.
6. SMART-TD admits the allegations contained in Paragraph 6.
7. SMART-TD admits the allegations contained in Paragraph 7.
8. SMART-TD admits the allegations contained in Paragraph 8.
9. SMART-TD admits the allegations contained in Paragraph 9.

10. With regard to the allegations contained in Paragraph 10, SMART-TD only admits that NS and SMART-TD are parties to a series of CBAs, which together with the established past practice, have established the rates of pay, rules and working conditions of SMART-TD represented employees employed by NS. Any and all other allegations are hereby denied.

11. The allegations contained in Paragraph 12 contain conclusions of law, to which no response is required. SMART-TD further avers that the dispute at issue is major, and that there is no strike threat.

12. The allegations contained in Paragraph 12 contain conclusions of law, to which no response is required. SMART-TD further avers that the dispute at issue is major.

13. The allegations contained in Paragraph 13 contain conclusions of law, to which no response is required. SMART-TD further avers that the dispute at issue is major.

14. SMART-TD denies the allegations contained in Paragraph 14.

15. SMART-TD admits the allegations contained in Paragraph 15.

16. SMART-TD denies the allegations contained in Paragraph 16.

17. To the extent that the allegations contained in the first two sentences of Paragraph 17 refer to agreements between SMART-TD and NS, and between BLET and NS, such agreements speak for themselves. Any and all other allegations are denied. Upon information and belief, SMART-TD denies the allegations contained in the third sentence of Paragraph 17.

18. SMART-TD admits the allegations contained in the first sentence of Paragraph 18. Any and all other allegations are denied.

19. SMART-TD denies the allegations contained in Paragraph 19.

20. The allegations contained in Paragraph 20 refer to two public law board awards, which speak for themselves.

21. SMART-TD denies the allegations contained in Paragraph 21.

22. SMART-TD admits the allegations contained in Paragraph 22, further avers that there is no strike threat.

23. The allegations contained in Paragraph 23 refer to a letter dated August 10, 2021, which speaks for itself.

24. The allegations contained in Paragraph 24 refer to a letter dated August 19, 2021, which speaks for itself.

25. SMART-TD admits the allegations contained in Paragraph 25.

26. With regard to the allegations contained in Paragraph 26, SMART-TD only admits that the parties met on September 29, 2021, and that Mr. Phillips took the position that the dispute was major. SMART-TD denies that Mr. Phillips refused to discuss the matter.

27. The allegations contained in Paragraph 27 refer to a letter dated September 17, 2021, which speaks for itself.

28. SMART-TD admits the allegations contained in the first sentence of Paragraph 28. With regard to the second sentence of Paragraph 28, SMART-TD only admits that Mr. Ball took the position that the dispute was major. SMART-TD further avers that Mr. Ball never threatened any strike.

29. The allegations contained in Paragraph 29 refer to a letter dated September 24, 2021, which speaks for itself.

30. With regard to the allegations contained in Paragraph 30, SMART-TD only admits that Messrs. Gholson, Phillips, and Ball communicated that a poll of the membership was

conducted. Any and all other allegations are hereby denied. SMART-TD further avers that any poll taken of the membership does not constitute a strike threat nor is it a precursor to a strike under the SMART-TD Constitution's process, and that there was and is no strike threat against NS.

31. With regard to the allegations contained in Paragraph 31, SMART-TD only admits that NS operates in 22 states and the District of Columbia. At this time, SMART-TD is unable to aver as to the allegations contained in Paragraph 31, and for that reason, they are hereby denied.

32. At this time, SMART-TD is unable to aver as to the allegations contained in Paragraph 32, and for that reason, they are hereby denied. SMART-TD further avers that there is no strike threat against NS.

33. At this time, SMART-TD is unable to aver as to the allegations contained in Paragraph 33, and for that reason, they are hereby denied. SMART-TD further avers that there is no strike threat against NS.

34. At this time, SMART-TD is unable to aver as to the allegations contained in Paragraph 34, and for that reason, they are hereby denied. SMART-TD further avers that there is no strike threat against NS.

35. At this time, SMART-TD is unable to aver as to the allegations contained in Paragraph 35, and for that reason, they are hereby denied. SMART-TD further avers that there is no strike threat against NS.

36. At this time, SMART-TD is unable to aver as to the allegations contained in Paragraph 36, and for that reason, they are hereby denied. SMART-TD further avers that there is no strike threat against NS.

37. At this time, SMART-TD is unable to aver as to the allegations contained in Paragraph 37, and for that reason, they are hereby denied. SMART-TD further avers that there is no strike threat against NS.

38. At this time, SMART-TD is unable to aver as to the allegations contained in Paragraph 38, and for that reason, they are hereby denied. SMART-TD further avers that there is no strike threat against NS.

39. SMART-TD denies the allegations contained in Paragraph 39.

40. The allegations contained in Paragraph 40 merely reassert the allegations contained in Paragraphs 1-39. As these allegations have already been responded to above, no further response is necessary here.

41. SMART-TD admits that NS brings this action pursuant to Sections 2 First 3 of the RLA, but denies that such dispute arises thereunder.

42. SMART-TD admits the allegations contained in Paragraph 42, and further avers that there is no current strike threat pending against NS.

43. SMART-TD admits the allegations contained in Paragraph 43.

44. With regard to the allegations contained in Paragraph 44, SMART-TD only admits that such states NS' position. Any and all other allegations are hereby denied.

45. With regard to the allegations contained in Paragraph 45, SMART-TD only admits that such states NS' position. Any and all other allegations are hereby denied.

46. SMART-TD denies the allegations contained in Paragraph 46.

47. To the extent the allegations contained in Paragraph 47 contain legal conclusions, no response is required. To the extent a response is required, SMART-TD denies the allegations. Any and all other allegations are hereby denied.

48. SMART-TD denies the allegations contained in Paragraph 48.

49. SMART-TD denies the allegations contained in Paragraph 49.

50. SMART-TD denies the allegations contained in Paragraph 50.

51. The allegations contained in Paragraph 51 merely reassert the allegations contained in Paragraphs 1-50. As these allegations have already been responded to above, no further response is necessary here.

52. SMART-TD admits that NS brings this action pursuant to Sections 2 First of the RLA, but denies that NS is entitled to any relief thereunder.

53. The allegations contained in Paragraph 53 refer to provisions in the Act, which speak for themselves.

54. SMART-TD denies the allegations contained in Paragraph 54.

55. With regard to the allegations contained in Paragraph 55, SMART-TD avers that the Act imposes an obligation on both parties to refrain from prematurely resorting to self-help. SMART-TD further avers there is no strike threat against NS by SMART-TD. Any and all other allegations are hereby denied.

56. SMART-TD denies the allegations contained in Paragraph 56.

57. SMART-TD denies the allegations contained in Paragraph 57.

58. SMART-TD denies the allegations contained in Paragraph 58.

To the extent not specifically admitted, any and all allegations of the Complaint are denied.

With regard to NS' Prayer, SMART-TD denies that the Carrier is entitled to any of the relief sought.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The underlying dispute is properly characterized as a "major dispute" under Sections 2 and 6 of the RLA, 45 U.S.C. §§ 152 and 156.

### THIRD DEFENSE

The Court is without jurisdiction to grant injunctive relief herein by virtue of the provisions of the Norris-LaGuardia Act, 29 U.S.C. § 101, *et seq*. Plaintiffs failed to comply with the obligations imposed by law prior to unilaterally changing the status quo involved in this labor dispute, have failed to exhaust the available governmental machinery of mediation through the National Mediation Board, have failed to comply with the status quo provisions of Sections 2 Seventh and 6 of the RLA, 45 U.S.C. §§ 152 Seventh, 156, and have failed to comply with their duty to exert every reasonable effort to make and maintain agreements under Section 2 First of the RLA, 45 U.S.C. § 152, Fifth, and are therefore precluded by the provisions of the Norris-La Guardia Act, and particularly Section 8 thereof, 29 U.S.C. § 108, from obtaining the relief sought herein or any injunctive relief.

**WHEREFORE,** having fully answered the Complaint in its entirety, Defendant prays that the relief requested be denied and that the Complaint be dismissed, and that Defendant may have its costs herein, reasonable attorneys' fees incurred, and such other and further relief as the Court may deem appropriate.

8

        Respectfully submitted,

        /s/ Erika A. Diehl-Gibbons
        Erika A. Diehl-Gibbons
        Associate General Counsel
        Kevin C. Brodar
        General Counsel
        SMART-Transportation Division
        24950 Country Club Blvd., Ste. 340
        North Olmsted, OH 44070
        Tel: (216) 228-9400
        Fax: (216) 228-0937
        kbrodar@smart-union.org
        ediehl@smart-union.org

        Attorneys for Plaintiffs SMART-TD,
        SMART-TD GCA GO-169, SMART-TD
        GCA GO-680, SMART-TD GCA GO-687,
        SMART-TD GCA GO-898

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January 2022, I caused the foregoing to be filed in this Court's CM/ECF system. I also certify that the foregoing document is being served via upon all attorneys of record via the CM/ECF system.

/s/ Erika A. Diehl-Gibbons
Erika A. Diehl-Gibbons